UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| CRYSTAL CARTER )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>PORTFOLIO RECOVERY )<br>ASSOCIATES, LLC )<br>)<br>Defendant )<br>) | **Case Number**<br><br>**CIVIL COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Crystal Carter, by and through her undersigned counsel, Robert Gillispie, Esquire of The Gillispie Law Firm, P.C. complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Crystal Carter, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District and the Defendant transacts business in this District and maintains a registered office in the District.

### III. PARTIES

4. Plaintiff, Crystal Carter, is an adult natural person residing at 2105 Edinboro Avenue, Lynchburg, VA 24502. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Portfolio Recovery Associates, LLC ("Defendant"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the states of Virginia with its principal place of business located at 120 Corporate Blvd., Norfolk, VA 23502.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. Plaintiff is engaged with the law firm of Persels & Associates, LLC to help aid her in her debt settlement negotiations.

8. On or about January 13, 2010, with the help of Persels, Plaintiff settled with Pinnacle Financial Group on a debt allegedly owed on a Spirit of America Fashion account.

9. The original debt was for approximately $ 1,034.39 and Pinnacle Financial agreed to a settlement amount of $518.00.

10. Plaintiff's account would be settled in full upon receipt of this amount.

11. Plaintiff's first payment was due on or before January 29, 2010, and Plaintiff was informed that her settlement letter and her cancelled check would serve as her proof of payment. **See Exhibit "A" (letter and cancelled check) attached hereto.**

12. On or about January 19, 2010, Persels, on behalf of the Plaintiff issued a check in the amount of $518.00 to pay off the above mentioned debt.

13. On or about January 25, 2010, the check was presented to M&T Bank.

14. The check was deposited by Pinnacle Financial and not returned to the Plaintiff.

15. On or around June 8, 2010, Plaintiff started receiving calls from Defendant collecting on this debt which is already paid in full.

16. Plaintiff has continuously informed Defendant that the debt has already been paid, but the calls continued.

17. Plaintiff was asked to send proof of the payment to Defendant.

18. Plaintiff has forwarded copies of the cancelled check and the letter from Pinnacle as requested, however Defendant has continued to call and request payment on this matter.

19. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

20. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

21. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

22. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

23. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

24. The above paragraphs are hereby incorporated herein by reference.

25. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | | |
|---|---|---|
| | §§ 1692d | Any conduct the natural consequence is to harass, oppress or abuse any person |
| | §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| | §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| | §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Portfolio Recovery Associates, LLC, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**The Gillispie Law Firm, P.C.**

Date: July 27, 2010                    BY:  */s/ Robert R. Gillispie*
                                       Robert R. Gillispie, Esquire


The Gillispie Law Firm, P.C.
Post Office Box 6025
Leesburg, VA 20178
571-252-7840   Fax 571-252-7843
Attorney for Plaintiff